**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Suzanne Smith,<br><br>            Plaintiff,<br><br>v.<br><br>Carolyn Colvin, Acting Commissioner of Social Security,<br><br>            Defendant. | No. CV 13-00507-PHX-DGC<br><br>**ORDER** |

Pursuant to 42 U.S.C. § 405(g), Plaintiff Suzanne Smith seeks judicial review of the Commissioner's decision finding her not disabled within the meaning of the Social Security Act. Doc. 18. For the reasons that follow, the Court will remand for an award of benefits.

**I.     Background.**

Plaintiff applied for disability insurance benefits on December 10, 2009, alleging disability beginning August 1, 2006. Doc. 26 at 1. After a hearing on July 14, 2011, an administrative law judge ("ALJ") issued an opinion on August 25, 2011, finding Plaintiff not disabled. *Id.* at 2; A.R. 27-35. A request for review was denied by the Appeals Council and the ALJ's opinion became the Commissioner's final decision on December 31, 2012. Doc. 26 at 2.

**II.    Legal Standard.**

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d

880, 882 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). If there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

Determining whether a claimant is disabled involves a sequential five-step evaluation process. The claimant must show (1) he is not currently engaged in substantial gainful employment, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work. If at any step the Commissioner determines that a claimant is or is not disabled, the analysis ends; otherwise it proceeds to step five. If the claimant establishes his burden through step four, the Commissioner bears the burden at step five of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).

**III.   Analysis.**

Plaintiff contends that the ALJ committed legal error by failing to provide specific and legitimate reasons supported by substantial evidence in the record for giving little weight to two treating physician opinions, namely Drs. Nuttall and Page. Doc. 18 at 4.

The Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, an ALJ should give greatest weight to a treating physician's opinion and more weight to the opinion of an examining physician than to one of a non-examining physician. *See Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995); *see also* 20 C.F.R. § 404.1527(c)(2)-(6) (listing factors to be considered when

evaluating opinion evidence, including length of examining or treating relationship, frequency of examination, consistency with the record, and support from objective evidence). The controverted opinion of a treating or examining physician "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) (citing *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)). Because the Court finds that the ALJ failed to comply with this requirement in addressing the opinion of Dr. Nuttall, the Court need not address Plaintiff's arguments regarding the ALJ's treatment of Dr. Page's opinion.

### A. Dr. Nuttall.

In evaluating Dr. Nuttall's opinion, the ALJ stated that he afforded the opinion "little weight because it was inconsistent with the record as a whole." A.R. at 34. He further specified that Dr. Nuttall's opinion "was inconsistent with [Plaintiff's] reports of activities of daily living, such as her statements that she was able to drive, shop, perform some light household cleaning, prepare some simple meals, and study medical billing and coding." *Id.* He finally noted that Dr. Nuttall's opinion "appeared to be an underestimate of her functional capabilities, and contrasts sharply with the evidence in the record." *Id.*

As noted above, the ALJ must provide specific reasons for rejecting the opinion of a treating physician. *Lester*, 81 F.3d at 830-31. The ALJ meets this burden "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Embrey*, 849 F.2d at 421. The ALJ did set out the facts of Dr. Nuttall's opinion (A.R. 33-34), but failed to summarize conflicting evidence, state his interpretation thereof, or make findings. The Court finds that the ALJ failed to offer anything more than conclusions in his analysis of Dr. Nuttall's opinion, and only referred generally to its contradiction with other evidence in the record rather than identifying and interpreting the contradictory evidence. This is not sufficient

to meet the standard required by the Ninth Circuit. *See Embrey*, 849 F.2d at 421-22 ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). Accordingly, the Court finds that the ALJ erred in his consideration of Dr. Nuttall's opinion. Defendant's decision must therefore be vacated.

**B.     Remand.**

Having decided to vacate Defendant's decision, the Court has the discretion to remand the case for further development of the record or for an award benefits. *See Reddick*, 157 F.3d at 728. In *Smolen*, the Ninth Circuit held that evidence should be credited and an action remanded for an immediate award of benefits when the following three factors are satisfied: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. 80 F.3d 1273, 1292 (9th Cir. 1996); *see Varney v. Sec. of Health & Human Servs.*, 859 F.2d 1396, 1400 (9th Cir. 1988) ("In cases where there are no outstanding issues that must be resolved before a proper determination can be made, and where it is clear from the record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony."); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (same); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) ("In a recent case where the ALJ failed to provide clear and convincing reasons for discounting the opinion of claimant's treating physician, we accepted the physician's uncontradicted testimony as true and awarded benefits.") (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1988)); *Hammock v. Bowen*, 879 F.2d 498, 503 (9th Cir. 1989) (extending *Varney*'s "credit as true" rule to a case with outstanding issues where the claimant already had experienced a long delay and a treating doctor supported the claimant's testimony).

Defendant argues that it would be contrary to the Act to remand for an award of

benefits. Doc. 26 at 18. Defendant cites *Strauss v. Commissioner of the Social Security Administration*, 635 F.3d 1135, 1138 (9th Cir. 2011), as stating that "[a] claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." Defendant argues that "Plaintiff has not met her burden to prove that she was disabled during the period at issue, so an award of benefits is improper. Doc. 26 at 18 (citing *Strauss*, 635 F.3d at 1137-38). Defendant further argues that "where additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Id.* at 19 (citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990)). Defendant finally argues that because "the record contains evidence inconsistent with a finding of disability," remand for an award of benefits is inappropriate. *Id.* at 20.

The Court has found that the ALJ failed to provide legally sufficient reasons for rejecting the opinion of Dr. Nuttall, one of Plaintiff's treating physicians. The uncontroverted testimony of the vocational expert in response to a question from the ALJ about Dr. Nuttall's assessment shows that the ALJ would be required to find Plaintiff incapable of past or other full time work and therefore disabled if Dr. Nuttall's opinion were credited as true. *See* A.R. 53. The procedural error the Court finds in this case is precisely the type of error that the Ninth Circuit in *Strauss* confirmed requires remand for an award of benefits: one in which the ALJ erred in discrediting evidence and, absent any outstanding issues to be resolved, "it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Strauss*, 635 F.3d at 1138 (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)).

Moreover, the overwhelming authority in this Circuit makes clear that the "credit as true" doctrine is mandatory. *See Lester*, 81 F.3d at 834; *Smolen*, 80 F.3d at 1292; *Reddick*, 157 F.3d at 729; *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000); *Moore v. Comm'r of Soc. Sec.*, 278 F.3d 920, 926 (9th Cir. 2002); *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004); *Benecke*, 379 F.3d at 593-95; *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007);

*Lingenfelter v. Astrue*, 504 F.3d. at 1041 ("[W]e will not remand for further proceedings where, taking the claimant's testimony as true, the ALJ would clearly be required to award benefits[.]").[1]

Applying these cases, the Court concludes that the improperly rejected opinion of Dr. Nuttall must be credited as true and, when credited as true and combined with the vocational expert's opinion, requires an award of benefits.

**IT IS ORDERED:**

1. This case is **remanded** for an award of benefits.

2. The Clerk shall **terminate** this action.

Dated this 3rd day of February, 2014.

_____
David G. Campbell
United States District Judge

---

[1] This Court disagrees with the Ninth Circuit's credit as true doctrine. The Court is bound, nonetheless, to follow Ninth Circuit precedent.